## Auschnitt's Nomination.

*Nomination, of candidates—Petition—Signers—Qualifications.*

1. A signer of a nomination petition should have all of the necessary qualifications at the time of signing.

2. Electors residing outside of the election district for which a nomination is to be made, those registered as members of a political party other than that by which the nomniation is to be made, and those who have signed another nomination petition for the same office, are disqualified as signers of a nomination petition.

Objections to nomination petition. C. P. Dauphin Co., March T., 1924, No. 22.

*Myers & McNees,* for objector.

HARGEST, P. J., March 29, 1924.—G. G. Shoemaker, a qualified elector of the First Representative District of York County and member of the Republican Party, objects to the petition filed with the Secretary of the Commonwealth, purporting to nominate Mollie Auschnitt as a candidate of the Republican Party for Representative in the General Assembly for the First Representative District of York County, to be printed upon the official ballot of said party for the year 1924.

We find the following facts: The First Representative District of York County comprises the City of York. The nomination petition of Mollie Auschnitt contains 106 signatures. Eight of these signers live outside of the City of York, and, therefore, outside of the First Representative District of York County. One lives at Dallastown, two on Rural Delivery No. 8, which is outside of the city, three in West Manchester Township, and two in West York Borough. Two of the signers, in addition to the foregoing, are registered as Democratic voters of the City of York, and two others signed the nomination petition of G. G. Shoemaker as a candidate of the Republican Party for this same office before signing the nomination petition of Mollie Auschnitt.

A signer of a nomination petition should have all the necessary qualifications at the time of signing, and those registered as Democrats are not quali-

### Auschnitt's Nomination.

fied electors to sign nomination petitions for candidates of the Republican Party at the primary election: Earhart's Nomination, 23 Dauphin Co. Reps. 128; s. c., 29 Dist. R. 567; Jackson's Nomination, 23 Dauphin Co. Reps. 137; s. c., 29 Dist. R. 593; Werner's Nomination, 23 Dauphin Co. Reps. 129; s. c., 29 Dist. R. 785.

Where there is but one vacancy and one signs a nomination petition to fill that vacancy, he is disqualified from subsequently signing another petition to fill the same vacancy: Goodnough's Petition, 29 Dist. R. 360; Vandyke's Nomination, 24 Dauphin Co. Reps. 297.

It, therefore, appears that there were ten of the persons whose signatures appear on the nomination petition of Mollie Auschnitt who were not qualified electors of the Republican Party of the First Representative District of York County, and two others of the signers were disqualified by having previously signed the nomination petition of another candidate for the same office; consequently, the petition does not have the signatures of 100 qualified electors, as required by law, and is, therefore, invalid.

Now, March 29, 1924, the nomination petition of Mollie Auschnitt to have her name placed upon the official primary ballot of the Republican Party for the year 1924 as a candidate for the office of Representative in the General Assembly for the First Representative District of York County is hereby declared invalid and set aside, and the prothonotary is directed to certify this order to the Secretary of the Commonwealth.

From George R. Barnett, Harrisburg, Pa.

NOTE.—See Murray's Petition, 29 Dist. R. 593; Emerick's Petition, 29 Dist. R. 594.